UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIYAHU MIRLIS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>EDGEWOOD ELM HOUSING, INC.,<br>F.O.H., INC., EDGEWOOD VILLAGE,<br>INC., EDGEWOOD CORNERS, INC., AND<br>YEDIDEI HAGAN, INC.,<br><br>　　　　　Defendants. | Civil Action No.<br>3:19-cv-700 (CSH)<br><br><br>JANUARY 23, 2020 |

### MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

This case is presently before the Court on a fully-briefed motion by Defendants under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* "Defendants' Motion to Dismiss" [Doc. 18].

The Complaint recites in ¶ 1 that "Plaintiff seeks to hold Defendants liable for the judgment that Plaintiff obtained against Daniel Greer and the Yeshiva of New Haven, Inc." in this Court following a trial before Judge Shea and a jury, Civil Action No. 3:16-cv-678 (MPS). In that action, Plaintiff Eliyahu Mirlis, a former student at the Yeshiva, of which Greer was principal, alleged that Greer subjected him to repeated sexual abuse. Following the jury's verdict, Judge Shea entered a multi-million dollar judgment in favor of Mirlis and against Greer and the Yeshiva.[1] The judgment

---

[1] In particular, Judge Shea entered judgment in favor of Mirlis against Greer and the Yeshiva "in the amount of $15,000,000 in compensatory damages, $5,000,000 in common law punitive damages, and $1,749,041.10 in offer-of-compromise interest as of June 6, 2017, for a total of

1

remains unpaid.  *See* Doc. 1 ("Complaint"), ¶ 1 ("The Judgment remains almost completely unsatisfied, and the outstanding amount of the Judgment has increased on account of accruing post-judgment interest.").

Plaintiff Mirlis now seeks by the present action to make the Defendants, a group of Connecticut non-stock corporations owning residential properties in New Haven, pay this unsatisfied judgment Plaintiff recovered against Greer and the Yeshiva.  Defendants, moving to dismiss the Complaint, say bluntly in their main brief [Doc. 18-1] at 5: "This is a collection action, not a child sex abuse case."  The characterization is a fair one.  I do not regard counsel's reference to "collection actions" as pejorative.

On Defendants' motion to dismiss Plaintiff's Complaint against them, the well-written briefs of counsel for the parties focus upon Connecticut case law dealing with "veil piercing," an artifact of the law by which one entity may be required to pay a judgment rendered against another.  That objective is achieved by disregarding ("piercing") the corporate form ("veil") which would otherwise impact the underlying liability.  In the more usual case, known as "traditional" veil piercing, the corporate veil is pierced in order to make an individual liable for an unpaid judgment rendered against a corporation.  The less frequently encountered "reverse" veil piercing occurs when the piercing renders a corporation liable for an unpaid judgment rendered against an individual.  That is the remedy sought by the Plaintiff in the case at bar.

The briefs of counsel recognize that the Connecticut legislature recently enacted Public Act 19-181, which "eliminates reverse veil piercing."  Plaintiff's Brief [Doc. 22] at 19.  However, the Act was not made retroactive, and Plaintiff filed his Complaint before its enactment.  Reverse veil

---

$21,749,041.10."  *See* No. 3:16-cv-678 (MPS),"Judgment" ( entered 6/6/2017) [Doc. 163]  at 1-2.

piercing was cognizable in Connecticut when this action was commenced, and remains so for purposes of the case.

The briefs on the motion to dismiss debate whether Plaintiff adequately pleads a plausible claim for reverse veil piercing. That is the standard of review on a Rule 12(b)(6) motion. A principal contention by Defendants is that in the absence of any allegation Greer transferred assets to the Defendant corporations for the purpose of evading Plaintiff's judgment against him, the Complaint does not plead the necessary element of *causation,* defined as: a showing that the conduct in question "must have proximately caused the inability to collect." Defendants' Reply Brief [Doc. 24] at 4. Plaintiff responds that he "does not base its [*sic*] reverse veil-piercing claim in this action on the transfer of assets from D. Greer and the Yeshiva to Defendants, nor is it required to do so." Plaintiff's Brief [Doc. 22] at 18. The question is an interesting one. Other issues are revealed by the briefs of counsel. For the reason that follows, the Court will address none of them at this time.

The file also shows that Greer and the Yeshiva appealed the judgment Mirlis obtained against them in the case before Judge Shea. *See Mirlis v. Greer*, No. 17-4023. It appears that the Second Circuit heard argument on the appeal on May 22, 2019. The case is pending decision. In the case at bar, Plaintiff seeks to have the Defendant corporations held liable to pay that judgment. If the Second Circuit allows Greer's appeal and vacates the judgment, Mirlis's present action to collect that judgment from Defendants is mooted necessarily.

In these circumstances, the resources of Court and counsel are not sensibly expended upon further consideration of Defendants' motion to dismiss the Complaint. Accordingly, the Court's consideration of and decision upon Defendants' Motion to Dismiss the Complaint [Doc. 18] are STAYED, pending decision by the Second Circuit on the appeal taken by Greer and the Yeshiva

from Mirlis's judgment against them.

Counsel are directed to advise the Court of the Second Circuit's ruling promptly. If the appeal is rejected and the judgment remains in force, the Court will schedule oral argument on the previously briefed motion to dismiss this action.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 23, 2020

                                                  */s/Charles S. Haight, Jr.*
                                                  CHARLES S. HAIGHT, JR.
                                                  Senior United States District Judge