## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
_____
                                        )
                                        )
ELIYAHU MIRLIS,                         )
                                        )
            Plaintiff,                  )        Case No. 3:19-cv-700 (CSH)
                                        )
v.                                      )
                                        )
EDGEWOOD ELM HOUSING, INC.,             )
F.O.H., INC., EDGEWOOD VILLAGE, INC.,   )        MAY 24, 2021
EDGEWOOD CORNERS, INC., and             )
YEDIDEI HAGAN, INC.,                    )
                                        )
            Defendants.                 )
_____)
```

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DEFENDANTS' MOTION FOR A STAY

**HAIGHT, Senior District Judge:**

In this diversity action, Plaintiff seeks to require the five corporate Defendants to pay an unsatisfied judgment Plaintiff obtained in an underlying action against a nonparty individual, Daniel Greer ("Greer" or "D. Greer"), and a nonparty corporation, Yeshiva of New Haven, Inc. ("the Yeshiva"). Plaintiff invokes the remedy known as "piercing the corporate veil." The facts and circumstances of the case are stated in the Court's opinion denying Defendants' motion to dismiss the Complaint, reported at 2020 WL 4369268 ("July 30 Ruling"), familiarity with which is assumed. Those facts and circumstances are not repeated herein. Subsequent events require a further Ruling for the governance of the case.

1

## I.      BACKGROUND

Following the July 30 Ruling, Plaintiff moved for a pre-judgment remedy [Doc. 41] and for disclosure of Defendants' property [Doc. 42]. While those motions were pending, the parties began a process of mediation, which stayed further litigation proceedings for a number of months.   It now appears that mediation has failed and the case will not be settled.

The most recent submissions of counsel to this Court give rise to three presently pending motions.   Defendants move [Doc. 51] for summary judgment under Federal Rule of Civil Procedure 56(a) on the motions.   Plaintiff moves [Doc. 56] under Federal Rule of Civil Procedure 56(d) for the Court to deny Defendants' summary judgment motion pending completion of discovery demanded by Plaintiff.   Defendants riposte with a motion [Doc. 61] to stay discovery pending decision on their motion for summary judgment; Plaintiff opposes this motion [Doc. 64].

Efforts at mediation having failed, the resolution of these three related motions will set the course for the resumption of litigation.   Counsel for the parties sent the Court a joint letter dated May 10, 2021 [Doc. 62] requesting "a brief status conference to discuss all of the above filings" and possibly schedule oral arguments.   [Doc. 62] at p. 2.   I am always glad to meet with counsel, but their opposing views are clearly expressed in the most recent filings.   For the reasons that follow, the Court agrees that oral argument on the motions is advisable.   The hearing date for that purpose is scheduled *infra*.   Accordingly, counsels' request for a status conference is declined.

## II.      THE GOVERNING RULES

Defendants say that Rule 56(a) entitles them to summary judgment.   Plaintiff says that Rule 56(d) requires denial of summary judgment until completion of Plaintiff's discovery.   The wording of these subsections of Rule 56 must be considered with care.   Rule 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.   The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery . . . .

## III.      PENDING MOTIONS

### A.      Defendants' Rule 56(a) Motion

As Rule 56(a) allows, Defendants' summary judgment motion specifically identifies the particular claims and defenses on which judgment is sought.

Plaintiff invokes the equitable remedy of reverse veil piercing, "by which a court imposes liability on a corporation for the acts of a corporate insider."   July 30 Ruling, 2020 WL 4369268 at *6 (quoting *McKay v. Longman*, 322 Conn. 394, 429 (2019)).   Connecticut case law regards reverse veil piercing as "an expansion of the traditional veil piercing doctrine," which allows a court to pierce a corporate veil and impose liability on an individual defendant "under one of two theories: either the instrumentality rule or the identity rule."   *Id.* at *7 (quoting

3

*Longman*, 322 Conn. at 433 (referencing *Zaist v. Olson*, 154 Conn. 563, 575 (1967)).   To achieve *traditional* veil piercing, the instrumentality rule requires proof of three elements: (1) the individual defendant's control of the corporation amounting to complete domination; (2) use of such control by the individual defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the plaintiff's legal rights; and (3) individual defendant's control and breach of duty proximately caused the plaintiff's injury or loss. *See id.* at *8 (quoting *Longman*, 332 Conn. at 441).

The identity rule in traditional veil piercing, which "complements the instrumentality rule," has only one prong: plaintiff must show that "'there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, in which case an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise.'"   *Id.* (quoting *Longman*, 332 Conn. at 442 (citing and quoting *Zaist*, 154 Conn. at 575, 576)).

A plaintiff seeking by reverse veil piercing to impose liability on a corporation for an individual's fault must prove the same three elements as in traditional veil piercing.  *See id.* at *7 (citing *Longman*, 332 Conn. at 440).   First, as set forth above, plaintiff must prove that "under the instrumentality and/or identity rules . . . the corporate entity has been so controlled and dominated that justice requires liability to be imposed."   *Id.*   Then, the Court must consider the "remaining two parts of the proposed test."   *Id.* (citing *Longman*, 332 Conn. at 442 (discussing *Comm'r of Env't Prot. v. State Five Indus. Park, Inc.*, 304 Conn. 128, 142 (2012))). That is, "the court must weigh the impact of such action upon innocent investors and innocent

secured and unsecured creditors," and "the court must consider the availability of other remedies the creditor may pursue." *Id.*

In the case at bar, Plaintiff, unable thus far to satisfy his judgment against the imprisoned Greer, seeks to subject the corporate Defendants to reverse veil piercing.   Plaintiff relies on each of the two alternative theories: *instrumentality* and *identity*.   Defendants move under Rule 56(a) for summary judgment dismissing both theories.

As for the instrumentality rule or test, Defendants say in the Brief supporting their Rule 56(a) Motion that "the court must determine whether there exists proof of three elements," and "[t]he first element relates to proof of Greer's control and dominance of the Defendants." [Doc. 52] at p. 18.   Yet, "to simplify this motion and for purposes of this motion only, Defendants will not dispute the first element of control and dominance." *Id.*   Therefore, Defendants' argument proceeds, the Court must determine on this summary judgment motion whether there are genuine issues as to facts material to the other two elements of the instrumentality test: "(2) that such control and dominance must have been used by the defendant to commit a fraud or wrong in contravention of the plaintiff's legal rights; and (3) that the control and breach of duty must proximately cause the injury or unjust loss complained of." *Id.*   Defendants contend that the record of the case contains no evidence that suggests, let alone proves, either of these propositions.

As for the identity rule or test, which is based on a single element, Defendants contend that the publicly available and other corporate records show that "the Defendants were not created or operated as mere shells, serving no legitimate purpose, and used primarily as an intermediary to perpetrate fraud and promote injustice." *Id.* at pp. 25-29.   Defendants further

assert that the Plaintiff does not adequately allege, and offers no evidence to support, that proposition.

Defendants' Rule 56(a) Motion recites that Plaintiff's "reverse veil piercing claims fail under both the instrumentality and identity tests" and "Defendants are entitled to summary judgment as a matter of law." [Doc. 51] at p. 1. The Court is asked to enter summary judgment in Defendants' favor "on both counts of the Complaint." *Id.*

## B.    Plaintiff's Rule 56(d) Motion

Plaintiff's position is that he needs and is entitled to broad discovery. Plaintiff has obtained no discovery as of yet, and he contends that Defendants should not be allowed to file a motion for summary judgment until Plaintiff's discovery has been completed. In consequence, Plaintiff asks the Court to deny Defendants' Rule 56(a) motion for summary judgment, without prejudice to Defendants refiling that motion once discovery has been completed. [Doc. 56] at p. 1. Plaintiff characterizes his motion as made pursuant to Rule 56(d). *Id.*

Plaintiff's broad discovery demands are stated in general terms in the declaration of his counsel, Mr. Cesaroni. *See* [Doc. 57-1]. Mr. Cesaroni says that Plaintiff's "fact intensive theories of veil piercing" are "predicated on D. Greer's total domination and control of the Defendants" and the Yeshiva such that "they were operated as a single enterprise (the 'Enterprise') with no separate identities." *Id.* at ¶ 3. Moreover, D. Greer used the Enterprise to acquire and hold Defendants' assets to pay funds to himself, his wife, and the Yeshiva, and "to thwart the collection of the judgment against D. Greer and the Yeshiva" in the underlying action. *Id.*

In aid of those claims, Mr Cesaroni describes as "necessary and essential" broad discovery into financial information of Defendants and others; management and operations of

Defendants and others; relationships among Defendants and between Defendants and others; use of properties owned by Defendants; D. Greer's involvement with the Yeshiva and Defendants as officer or director; property owned by Defendants; Defendants' officers, directors and employees; transactions between Defendants and the Yeshiva; individuals who provide services to Defendants; who hires, fires and manages Defendants' employees; transfers made by Defendants; and debts owed to or by Defendants. *Id.* at ¶ 4.

Mr. Cesaroni goes on to say that Defendants' motion for summary judgment "has also put at issue, and discovery will therefore also be necessary as to, (i) the operations of Defendants and the Yeshiva from their formation to the present day; and (ii) financial information of Defendants from their formation until the present day," subjects of inquiry that prompt Plaintiff to demand extensive discovery, "including books, records, tax documents, audited and unaudited financials, bank records, and records of transactions among Defendants," encompassing the entire length of each Defendant's existence. *Id.* at ¶ 5.

Plaintiff's Reply Brief supporting his Rule 56(d) Motion sums up his position:

> Plaintiff requires discovery on a wide range of issues concerning the claims and allegations of his Complaint as well as the issues raised by the Defendants in the [motion for summary judgment]. This discovery is clearly material to the case and necessary for Plaintiff to be able to prove his allegations and refute Defendants' arguments.

[Doc. 63] at p. 3.   These principles and generally stated propositions must be applied to the specific circumstances of the case at bar.

## IV.    DISCUSSION

A threshold question arises as to whether Plaintiff has complied with Rule 56(d), upon which his motion depends.

Plaintiff belongs to that universe of litigants confronted by an adversary's motion for summary judgment: he is a "nonmovant," in the language of the law. Not infrequently, a nonmovant opposes the motion but professes a need for additional evidence beyond what is in the existing record in order to frame that opposition.

Rule 56(d) affords a remedy for such a needy litigant and lays down the procedure that a nonmovant must follow to obtain it. "If nonmovant *shows* . . . that, for *specified reasons*, it cannot present facts *essential to justify its opposition*," the court may, *inter alia*, "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d) (emphasis added).

The distinctive feature of Rule 56(d) is its requirement that a nonmovant identify the particular basis for the movant's motion for summary judgment, and then show *specifically* why it cannot, on the present record, present facts "essential to justify its opposition" to the basis for summary disposition asserted by the movant. These principles will govern resolution of the pending motions in the case at bar.

Plaintiff alleges claims against Defendants for reverse veil piercing. Plaintiff is the master of his pleading. He chose that equitable remedy. Plaintiff's Complaint asserts two alternative bases for piercing: the identity theory (First Claim for Relief) and the instrumentality theory (Second Claim for Relief). *See generally* July 30 Ruling, 2020 WL 4369268 at *2. Each claim requires Plaintiff to prove certain elements. Defendants' motion seeks summary judgment dismissing both claims. I discuss them in reverse order.

As for the instrumentality theory, Plaintiff must prove, as noted *supra*, three elements. For purposes of their summary judgment motion, Defendants concede the first element: that Greer controlled and dominated the corporate Defendants. In consequence, the motion focuses upon the second and third elements: (2) whether Greer used his control over Defendants "to

8

commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the plaintiff's legal rights," and (3) whether Greer's "control and breach of duty" proximately caused Plaintiff's injury.  *Id.* at \*8 (quoting *Longman*, 332 Conn. at 441).  On that aspect of the case, Defendants argue that "there is no genuine issue of material fact that what, if any, wrongful domination and control Greer exercised over the Defendants was not a wrong committed as to Plaintiff and therefore was not the proximate cause of his inability to collect on the judgment against Greer and the Yeshiva.  Accordingly, summary judgment should enter on . . . count 2 of the Complaint."   [Doc. 52] at pp. 24-25.

If one accepts that proposition, the Complaint fails as a matter of law, and Plaintiff's veil piercing claim based on the instrumentality theory must be dismissed, notwithstanding Defendants' tactical concession on the control and dominance element.

As for the identity theory of veil piercing, Defendants do not seem to intend that their concession with respect to Greer's control and dominance applies to that claim, asserted in Count One of the Complaint.  The limitation is not surprising, given that a principal material factual inquiry on that claim is whether Defendants were created or operated as "mere shells," a concept that would necessarily seem to implicate Greer's dominance and control over the corporations. *See id.* at p. 25.  Defendants say they are entitled to summary judgment on this claim because the evidence in their favor "is overwhelming."  *See id.*  A predominant evidentiary source is a declaration by Greer, *see id.* at pp. 26-27 (citing [Doc. 53]), whose credibility Plaintiff, with some justification, questions, *see* [Doc. 63] at pp. 1-2, 4-5.

Following the most recent submissions of counsel, the present posture of the case comes down to the following.  Defendants say that Plaintiff's motion [Doc. 56] to deny Defendants' motion for summary judgment pending completion of discovery should be denied, and Plaintiff

9

ordered to respond to Defendants' motion [Doc. 51] for summary judgment on the present record within 30 days.   [Doc. 60] at p. 15.   Plaintiff says that Defendants' motion for summary judgment should be denied, without prejudice to refiling once discovery has been completed.

The Court is not prepared to rule on any of these motions at this time.   The motion papers leave a number of significant questions open or not fully addressed.   For example, do Defendants really contend Plaintiff is entitled to *no discovery whatsoever* before Plaintiff files his opposition to Defendants' summary judgment motion?   Conversely, does Plaintiff really contend he needs *all the requested discovery* in order to frame specific opposition to that summary judgment motion?   I note, in that regard, that Plaintiff, who was a student at the Yeshiva from the Fall of 2001 to the Spring of 2005, says he needs full and comprehensive financial and operational discovery of Defendant corporations established between 1984 and 1999.   To be discoverable, a matter must be "relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).   "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Fed. R. Evid. 401.   These reflections are illustrative, not all-inclusive.   The pending motions present other issues as well.

## V.   CONCLUSION

This is a case where oral arguments of counsel will be of further assistance to the Court. Accordingly, the Court will conduct a hearing by Zoom conference on June 8, 2021, at 2:00 p.m. Details regarding access to the hearing shall be provided by a subsequent docket entry.   Counsel should be prepared to discuss all aspects of each pending motion.   Counsel for Defendants will be heard first, then counsel for Plaintiff will be heard, and counsel for the parties may thereafter exchange follow-up and reply arguments to the extent necessary to fully express their contentions.

Nothing in this Memorandum and Order expresses or intimates any present view on the part of the Court on the merits of any issue presented by these motions.  Decisions on the motions, [Doc. 51], [Doc. 56], and [Doc. 61], are RESERVED, pending oral argument as directed *supra*.

It is **SO ORDERED**.

Dated:   New Haven, Connecticut
         May 24, 2021

                                             */s/ Charles S. Haight, Jr.*
                                             CHARLES S. HAIGHT, JR.
                                             Senior United States District Judge