## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ELIYAHU MIRLIS,

               Plaintiff,

   v.

EDGEWOOD ELM HOUSING, INC.,
F.O.H., INC., EDGEWOOD VILLAGE,
INC., EDGEWOOD CORNERS, INC.,
and YEDIDEI HAGAN, INC.,

               Defendants.

Civil Action No.
No. 3:19-cv-700 (CSH)


**SEPTEMBER 9, 2021**

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. 51], and RULINGS ON PLAINTIFF'S MOTION TO DENY SUMMARY JUDGMENT PENDING DISCOVERY [Doc. 56] AND DEFENDANTS' MOTION TO STAY DISCOVERY [Doc. 61]

**HAIGHT, Senior District Judge:**

Plaintiff brings this diversity action to require the five corporate Defendants to pay an unsatisfied judgment Plaintiff obtained in a prior action in this Court against a nonparty individual and a nonparty corporation following a jury trial before Judge Shea.  This Ruling addresses three motions that have been made as the case goes forward.

**I**

In the earlier action before Judge Shea, Plaintiff obtained a judgment in the  amount of $21,749,041.10 against nonparty Daniel Greer and nonparty Yeshiva of New Haven, Inc*.  See Mirlis v. Greer*, No. 3:16CV678(MPS), Doc. 63 ("Judgment" entered 6/6/2017).  The judgment was affirmed on appeal. *Mirlis v. Greer,* 952 F.3d 36 (2d Cir. 2020).   Plaintiff claimed that during 2001 through 2005, when he was a boarding student at the Yeshiva, Greer sexually assaulted him.

1

Plaintiff's judgment against Greer and the Yeshiva remains unsatisfied.

Plaintiff seeks by the present action before this Court to force the captioned Defendants to pay the judgment. The five Defendants are non-profit Connecticut corporations, formed between 1984 and 1999. They own residential real estate in the Edgewood Park section of New Haven which they rent to lower-income tenants.

In an opinion reported at 2020 WL 4369268 ("*Mirlis I*"), familiarity with which is assumed, I denied Defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. In *Mirlis I,* I said:

> What this case comes down to is that Plaintiff Mirlis seeks to subject the five corporate Defendants to reverse veil piercing which, if granted, would render the Defendants' assets available to pay Mirlis's Underlying Action judgment against Daniel Greer and the Yeshiva.
>
> Plaintiff pleads two theories in support of that effort: the identity rule and the instrumentality rule. These are alternative bases for reverse veil piercing.

*Mirlis v. Edgewood Elm Hous., Inc.*, No. 3:19-CV-700 (CSH), 2020 WL 4369268, at *11 (D. Conn. July 30, 2020).

Following the Court's denial of Defendants' motion to dismiss the complaint, the parties attempted to resolve their disputes by mediation. That effort has failed thus far. Reviving the litigation effort, Plaintiff demands extensive discovery from Defendants into their corporate formation and histories, and any interactions with Daniel Greer.

## II

Defendants have not made any of this discovery. Instead, Defendants now move [Doc. 51] for summary judgment on the entire complaint under Rule 56. Their brief contends that the

circumstances of the case entitle them to a summary disposition without giving Plaintiff any discovery.  Plaintiff contends in a cross-motion [Doc. 56] that he need not respond to Defendants' summary judgment motion until Defendants have made full discovery.  Lastly, Defendants move [Doc. 61] to stay discovery.

The Court conducted a hearing to explore these dramatically different contentions.  The attorneys for the parties appeared and adhered to their extreme positions.  Mr. Colbert argued for Defendants that whether Plaintiff's reverse corporate veil piercing theory against these non-profit corporations be regarded as an application of the instrumentality test or the identity test, "we have moved for summary judgment because we believe that these two issues can be decided right now and that no discovery will change the outcome of these issues based on what is already clearly known and available" to the public and the court.  Hearing Transcript ("Tr.") [Doc. 67], at 10-11.  Mr. Cesaroni argued for Plaintiff that "[w]hat the plaintiff is asking is to be able to conduct case discovery so he can prove his case," and "especially where there hasn't been any discovery, that it's appropriate to deny or stay a motion for summary judgment so that the case can proceed in the normal manner, which is discovery first, summary judgment second."  Tr., at 47.

Counsel are saying, in effect, that the Court should grant Defendants' summary judgment motion with *no* discovery (Mr. Colbert); or the Court should not even consider a summary judgment motion until after *total and complete* discovery (Mr. Cesaroni).  While counsel argue these irreconcilable contentions with energy and skill, I find upon consideration that I cannot accept either of them.  Instead, I regard myself as bound by the provisions and protocols of Federal Rule of Civil Procedure 56, which governs the present motion by Defendants for summary judgment.

3

### III

A defendant moving for summary judgment must begin with an analysis of the plaintiff's claims, as they are pleaded in the complaint.  Rule 56(a) provides that a party "may move for summary judgment, identifying each claim" or "the part of each claim . . . on which summary judgment is sought."  Rule 56(a)  then provides: "The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Professor Moore's treatise, 11 James W. Moore, *et al.*, *Moore's Federal Practice* ¶ 56.13[1] (3d  ed. 2009), at 56-161 to -162, notes that "[s]ummary judgment motion practice commonly involves two different burdens," and goes on to say:

> [T]he movant must make a prima facie case for summary judgment in its favor by establishing (1) the apparent absence of any genuine dispute of material fact and (2) movant's entitlement to judgment as a matter of law on the basis of the undisputed facts.  If the movant successfully discharges this initial burden, a countervailing burden is then imposed on the nonmovant, who must then shoulder the burden of contesting movant's prima facie case for summary judgment and demonstrating that there is a genuine dispute of material fact and a need for trial to resolve the controversy.  Usually, the nonmovant may not successfully rebut the properly made motion for summary judgment without introducing material of its own with specific facts and substantial opposing evidence showing a need for trial.

In the typical case, summary judgment motion practice takes place after the completion of pretrial discovery by both parties.  Counsel are then able, against a full evidentiary record, to debate the existence *vel non* of genuine issues as to material facts, of the sort that would preclude summary disposition and require trial.   However, the case at bar departs from the norm.  Counsel for Defendants move for summary judgment at a time when Plaintiff has not obtained any discovery from Defendants.  Counsel for Plaintiff responds with heartfelt expressions of discontent and

4

regards the absence of discovery as a bar to the Court's consideration of Defendants' summary judgment motion.

Rule 56's summary judgment protocol directly addresses the problem posed by a discontented, discovery-deprived nonmovant like the present Plaintiff. The Rule states the requisites for summary judgment in Rule 56(a) and then provides in Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . .
>
> (2) allow time to obtain affidavits or declarations or to take discovery; . . .

Rule 56(d) is a restatement of Rule 56(f) in an earlier text.

## IV

The cases construing Rule 56(f) and, more recently, Rule 56(d) emphasize that a nonmovant who, like the Plaintiff at bar, professes an inability to "present facts essential to justify its opposition" to a summary judgment motion may obtain limited discovery specific to the factual issue in question. The Second Circuit said in *Trebor Sportswear Co. v. The Limited Stores, Inc.* that under former Rule 56(f), "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." 865 F.2d 506, 511 (2d Cir. 1989) (citation and internal quotation marks omitted). A nonmoving party seeking discovery under present Rule 56(d) must demonstrate a specific need for the requested discovery.

In *Miller v. Wolpoff & Abramson, L.L.P.*, the Second Circuit held:

> [A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has

> made to obtain them, and (4) why the affiant was unsuccessful in
> those efforts.

321 F.3d 292, 303 (2d Cir. 2003) (citations and internal quotation marks omitted).

In *Consolidated Rail Corporation v. Primary Industries Corporation*, the defendant sought discovery in order to oppose the plaintiff's motion for summary judgment. The district court rejected defendant's invocation of Rule 56(f):

> Defendant Primary Coal seems to misunderstand the purpose of
> Rule 56(f). It is designed to allow a party opposing summary
> judgment reasonable access to potentially favorable information. To
> invoke the Rule's protection, however, the discovery sought must be
> material to the opposition of the summary judgment motion. . . . .
> . . .
> . . . [A]dditional discovery on issues irrelevant to plaintiff's motion
> is not warranted by Rule 56(f) . . . .

868 F. Supp. 566, 572 (S.D.N.Y. 1994) (citations omitted).

The same principles are stated in *Allstate Insurance Company v. Administratia Asigurarilor de Stat*:

> Moreover, while Rule 56(f) discovery is specifically designed to
> enable a plaintiff to fill material evidentiary gaps in its case . . . it
> does not permit a plaintiff to engage in a fishing expedition. Rule
> 56(f) is not a shield against all summary judgment motions. Rather,
> litigants seeking relief under the rule must show that the material
> sought is germane . . . and that it is neither cumulative nor
> speculative.

948 F. Supp. 285, 294 (S.D.N.Y. 1996) (citations, internal quotation marks, and brackets omitted).

## V

In the case at bar, Mr. Cesaroni, counsel for Plaintiff, submits a sworn declaration [Doc. 57-1], purported to be "in compliance with [Rule] 56(d)." Cesaroni Decl. ¶ 1. I do not think the

declaration deserves that characterization.

The wording of Rule 56(d) and the cited cases provide that a party opposing summary judgment and seeking discovery must show that the discovery sought is material and germane to the particular opposition issues generated by the motion. The principal issue in this case is whether Plaintiff may require the Defendant corporations to pay Plaintiff's unsatisfied judgment against Daniel Greer. Subsidiary issues arise out of Plaintiff's efforts at reverse piercing the Defendants' corporate veils, by means of the identity theory and the instrumentality theory, the "alternative bases for reverse veil piercing." *Mirlis I*, 2020 WL 4369268, at *11.

Certain issues that ordinarily arise in veil piercing cases are mooted in this case by Defendants' concession (for the purpose of their summary judgment motion only) that "Greer dominated and controlled the Defendants." Defendants' Brief [Doc. 52] at 9 n. 4. That footnote continues: "Regardless of this concession, all three elements must be proven to establish a reverse veil piercing claim under the instrumentality test, and Plaintiff is unable to prove the two additional elements." Those additional elements are (2) Greer used the Defendant corporations to commit a fraud or wrong in contravention of Plaintiff's rights; and (3) Greer's control of the corporations and breach of a duty owed to Plaintiff proximately caused the injury of which Plaintiff complains. For Plaintiff, who bears the burden of proof on those issues, "it is not enough simply to show that a judgment remains unsatisfied. There must be some wrong beyond the creditor's inability to collect, which is contrary to the creditor's rights, and that wrong must have *proximately caused* the inability to collect." *Mirlis I*, 2020 WL 4369268, at *8 (emphasis in original) (citing and quoting *McKay v. Longman*, 332 Conn. 394, 442 (2019)).

Defendants' summary judgment motion contends that, on these particular elements, there are

no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.   This narrowing of the dispositive issues also serves to narrow the scope of discovery Rule 56(d) entitles Plaintiff to demand.   Rule 56(d) requires Plaintiff to show that what he seeks to discover is germane to the effect of Greer's control of the Defendants upon Plaintiff's ability to collect his judgment against Greer.   Evidence which is not germane or relevant to that core issue is not discoverable under Rule 56(d).

The same considerations apply to the alternative basis for reverse veil piercing: the identity test, which "complement[s] the instrumentality rule," and prohibits an "economic entity" from escaping liability "arising out of an operation conducted by one corporation for the benefit of the whole enterprise." *Longman*, 322 Conn. at 442.   Greer's tactical concession that he controlled and dominated the Defendant corporations is germane to this theory as far as it goes, but additional proof is required to hold Defendants liable on the identity theory for the judgment against Greer. Again, the core issue has to do with the manner and effect of Greer's control of the corporations and the effect of that control upon Plaintiff's ability to collect the judgment.   Evidence that is not germane to that issue is not discoverable under Rule 56(d).

## VI

In the case at bar, the declaration submitted by Plaintiff's counsel does not comply with Rule 56(d).   The demand for discovery is too broad and not sufficiently precise.   Plaintiff professes the need, in order to oppose this summary judgment motion, for discovery of "[t]he financial information of Defendants and others;" "[t]he management and operations of the Defendants and others;"   "[t]he relationships among Defendants and between Defendants and others;" "the operations of Defendants and the Yeshiva from their formation to the present day;" and "financial

information of Defendants from their formation until the present day, including books, records, tax documents, audited and unaudited financials, bank records, and records of transactions among them." Cesaroni Decl. ¶¶ 4-5

Plaintiff has not filed an opposition to Defendants' summary judgment motion. The Cesaroni Declaration does not substantially address the bases Defendants urge for a summary disposition. Nor does the declaration undertake to specify what discovery it requires to oppose or counter Defendants' specific contentions.

Moreover, Plaintiffs' open-ended discovery demands take the case into areas that are neither germane nor relevant to the precise dispositive issues Defendants' motion identifies. For example: Plaintiff wants an exhaustive compendium of financial records from all Defendants "from their formation until the present day." *Id.* ¶ 5. The formation of the Defendant corporations is described in Daniel Greer's declaration [Doc. 53]. While in the circumstances Greer's credibility is obviously suspect, his account of how and when the Defendants came into being is corroborated by contemporaneous public records attached to his declaration as exhibits.

That account, which I accept as accurate, recites that in 1977, Daniel Greer and his wife Sarah established an Orthodox Jewish school in New Haven, which thereafter became the Yeshiva of New Haven. Doc. 53, ¶¶ 6-7. The Greers also established the five corporate Defendants in this action, which own residential buildings in the Edgewood Park section of New Haven, engage in low and moderate rate rentals, and generate funds for the support of the Yeshiva. Defendant Yedidei Hagan was registered as a Connecticut non-profit corporation in May 1984. *Id.* ¶ 10. Defendant Edgewood Elm Housing, Inc. was registered as a Connecticut non-profit corporation in July 1989. *Id.* ¶ 14. Defendants Edgewood Village, Inc., Edgewood Corners, Inc., and F.O.H., Inc. were

registered as Connecticut non-profit corporations in December 1994, March 1996, and June 1999, respectively.  *Id.* ¶ 17.

Plaintiff Eliyahu Mirlis entered the Yeshiva as a boarding student in the Fall of 2001.   The five corporate Defendants had been established and were generating financial and operational records for a number of years prior to that time: 17 years for Yedidei Hagan;  two years for F.O.H.; the other corporations falling in between.   Greer's abusive conduct resulting in the judgment in Plaintiff's favor occurred between 2001 and 2005.   Judge Shea's unsatisfied judgment was entered in June 2017.   The theory of Plaintiff's reverse veil piercing claim against these Defendant corporations is that the business of the Defendants was arranged and conducted in such a way as to make them liable in equity to pay Plaintiff the judgment he  obtained against Daniel Greer.

Defendants now seek summary judgment dismissing that claim.   Plaintiff opposes the motion, and says he needs discovery to do so effectively, but I am unable to discern how years of Defendants' corporate activity prior to 2001, the earliest time when Plaintiff could  have even been a gleam in the predatory eye of Daniel Greer, would be germane to the particular issues raised by Defendants' motion.   But that is the showing Rule 56(d) requires Plaintiff to make.

Plaintiff's discovery demands, expressed in counsel's declaration, are stated in broad, general terms which seek some clearly irrelevant material and are otherwise  cumulative or speculative in part.   The Court does not hold that Plaintiff is entitled to no discovery in aid of his opposition to Defendants' summary judgment motion.   However, Plaintiff must establish his right to motion-related discovery by submitting an affidavit which conforms to the protocol contained in Rule 56(d) and Second Circuit authority.   The accompanying Order affords Plaintiff an opportunity to make that showing.   The Court neither expresses nor intimates any present view as to whether Plaintiff will

10

ultimately be granted any discovery, or what its permissible boundaries might be.

Lastly, I reject the contention of Defendants' counsel that summary judgment should be entered dismissing Plaintiff's claims, without any discovery being allowed Plaintiff. The Defendants' concession of Daniel Greer's domination and control of the Defendants, tactical but probably inevitable given Greer's  ubiquitous presence as president of the corporations, sets the stage for a further factual inquiry under Rule 56(d), so long as that inquiry is governed and limited by the Rule and the cited cases.

## VII

The proper governance of the case calls for submission by Plaintiff of papers in proper form which oppose Defendants' motion for summary judgment.  Plaintiff is required, in the further submissions directed by this  Order and  Ruling, to oppose with specificity the particular bases for summary judgment identified by Defendants.   Plaintiff must file opposition papers to Defendants' summary judgment motion, including in those papers (if so advised) an affidavit that he is entitled by Rule 56(d) to specific discovery in areas germane to the particular issues raised by the motion.

For the foregoing reasons, the  Court makes this Order:

1.  Decision on Defendants' Motion for Summary Judgment [Doc. 51] is RESERVED pending consideration of the further submissions specified in this Order.

2.  Plaintiff's Cross-Motion [Doc. 56] for an Order that he need not respond to Defendants' Motion for Summary Judgment is DENIED.

3.  Defendants' Motion [Doc. 61] to Stay Discovery is DENIED; *provided, however*, that any future discovery will be governed by the Court's rulings following the additional submissions directed by this Order.

4.   Plaintiff is directed to file and serve papers in opposition to Defendants' Motion for Summary Judgment not later than **October 21, 2021.**

5.   If so advised, Plaintiff may include with the papers contemplated by Paragraph 4 of this Order an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, compliant with that Rule and with this Ruling.

6.   If so advised, Defendants may file reply papers on their Motion for Summary Judgment not later than **November 4, 2021.**

If the Court desires further oral argument, counsel will be advised.

It is SO ORDERED.

Dated:   New Haven, Connecticut
           September 9, 2021

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT,  JR.
Senior United States District Judge